UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SHEA,<br><br>                                   Petitioner,<br><br>v.<br><br>MS. SOTO/MESA, et al.,<br><br>                                   Respondents. | Case No.: 3:23-cv-00594-MMA (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>[Doc. No. 5]<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On March 31, 2023, Petitioner John M. Shea ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis ("IFP").  Doc. Nos. 1, 2.  He then filed an Amended Petition on April 20, 2023.  Doc. No. 3.

On April 28, 2023, the Court denied Petitioner's IFP motion because his trust account statement showed he had sufficient funds to pay the $5.00 filing fee, and dismissed the action because Petitioner had failed to name a proper respondent, failed to state grounds for relief, and failed to allege exhaustion of his state judicial remedies.

1  Doc. No. 4.  Petitioner was given until July 3, 2023, to either pay the $5.00 filing fee or
2  submit an IFP motion which showed he was unable to afford the fee, as well as file a
3  Second Amended Petition which cured the pleading deficiencies outlined in the Court's
4  dismissal Order.  *Id.*

5  On May 19, 2023, Petitioner filed another motion to proceed IFP and a Second
6  Amended Petition.  Doc. Nos. 5–6.

## MOTION TO PROCEED IFP

The trust account statement Petitioner filed with his motion to proceed IFP reflects a balance of $0.20 in his trust account at the facility in which he is presently confined. Doc. No. 5 at 5.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Petitioner has again failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  "The actual person who is [the] custodian [of the petitioner] must be the respondent," *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968), because the custodian is the person who will produce "the body" if directed to do so by the Court. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Ortiz-Sandoval*, 81 F.3d at 894.  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  Thus, "[b]oth the warden of a California prison and the [Secretary of the Department of Corrections and Rehabilitation] for California have the power to produce the prisoner."  *Id*. at 895.

Here, Petitioner has incorrectly named "Ms. Soto/Mesa and Gavin Newsom" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the person in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

Petitioner states in Ground One "denied polygraph exam," and "Jack Campbell was asked to give me a polygraph exam and did not ask DA approval." Doc. No. 6 at 6. In Ground Two, he states, "another witness not at trial lona camp," and in Ground Three he states, "I would like charges dismissed the 243.4c & 317PC & 2 others." *Id.* at 7–8. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). While courts should liberally interpret *pro se* pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner).

The Court finds that the Petition fails to state constitutional grounds for relief. This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the grounds Petitioner seeks to bring in his Petition. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently

specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed IFP (Doc. No. 5) and **DISMISSES** this case without prejudice. To have the case reopened, Petitioner must, no later than **August 14, 2023**, file a Third Amended Petition that cures the pleading deficiencies outlined in this Order. If Petitioner does not correct the deficiencies of pleading identified by the Court by that date, or obtain leave for additional time to do so, the Court will dismiss this action without further leave to amend.

**IT IS SO ORDERED.**

Dated: June 7, 2023

_____
HON. MICHAEL M. ANELLO
United States District Judge